**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MICHAEL JETTE, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A.,<br><br>      Defendant. | Civil Action No: 20-6791(SDW)(LDW)<br><br>**OPINION**<br><br><br>October 9, 2020 |

**WIGENTON**, District Judge.

Before this Court is Defendant Bank of America, N.A.'s ("BOA" or "Defendant") Motion to Dismiss Plaintiff Michael Jette's ("Jette" or "Plaintiff") Class Action Complaint and Strike Class Allegations pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(f). Jurisdiction is proper pursuant to 28 U.S.C. § 1332. Venue is proper pursuant to 28 U.S.C. § 1391. This opinion is issued without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated herein, the Motion to Dismiss is **GRANTED IN PART, DENIED IN PART, AND DISMISSED AS MOOT IN PART**.

**I.**  **BACKGROUND AND PROCEDURAL HISTORY**

Defendant BOA is a Delaware corporation, headquartered in North Carolina. (D.E. 1 ¶ 22.) Plaintiff is a citizen and resident of New Jersey who opened a credit card account with BOA in December 2019. (*Id.* ¶¶ 21, 44.) The terms governing that account are set forth in a credit card

1

agreement ("Agreement") that provides that all disputes regarding the Agreement are to be resolved according to North Carolina law. (*Id.* ¶¶ 17, 24, 86, 103, 118.)

After opening the account, Plaintiff used the card to make thousands of dollars in purchases and set up automatic payments through BOA's website. (*Id*. ¶¶ 26, 47-48.) BOA offers four automatic payment options to its customers: "Amount Due," "Minimum Amount Due," "Account Balance," and "Fixed Amount." (*Id*. ¶¶ 8-9.) Plaintiff chose the "Amount Due" option, believing it would pay off his statement balance every month and avoid the accrual of interest on an unpaid balance. (*Id.* ¶¶ 46, 48.) Instead, BOA withdrew only the minimum amount due on Plaintiff's account each month, causing him to incur over $200.00 in interest charges. (*Id.* ¶¶ 49-58.) Plaintiff alleges that BOA's "Amount Due" option "*means the same thing* as 'Minimum Amount Due,'" (*id.* ¶ 12), and is designed to "intentionally mislead consumers into incurring unwanted credit card debt and interest charges." (*Id.* ¶ 9.)

On June 3, 2020, Plaintiff filed a putative class action suit in this Court, asserting claims for: Violation of the North Carolina Unfair and Deceptive Trade Practices Act ("NCUDTPA") (Count I); Violation of the North Carolina Debt Collection Act ("NCDCA") (Count II); Breach of the Implied Covenant of Good Faith and Fair Dealing (Count III); and Unjust Enrichment (Count IV). (D.E. 1.) BOA moved to dismiss on August 10, 2020. (D.E. 9.) Briefing was completed on September 4, 2020. (D.E. 15, 18.)

## II.     LEGAL STANDARD

An adequate complaint must be "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atlantic*

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. Cty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief").

In considering a Motion to Dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (external citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009) (discussing the *Iqbal* standard). Determining whether the allegations in a complaint are "plausible" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to "show[] that the pleader is entitled to relief" as required by Rule 8(a)(2). *Id.*

Federal Rule of Civil Procedure 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." FED. R. CIV. P. 9(b). Plaintiffs "alleging fraud must state the circumstances of the alleged fraud[ulent act] with sufficient particularity to place the defendant on notice of the 'precise misconduct with which [it is] charged.'" *Park v. M & T Bank Corp.,* Civ. No. 09–02921, 2010 WL 1032649, at *5 (D.N.J. Mar. 16, 2010) (citing *Lum v. Bank of Am.,* 361 F.3d 217, 223–24 (3d Cir. 2004)).

3

**III.     DISCUSSION**

The first question this Court must address is which state law applies to the claims raised.[1] As a federal court sitting in diversity, this Court applies the choice-of-law rules of New Jersey to determine which state law controls. *See Klaxon Co. v. Stentor Elec. Mfg. Co., Inc.*, 313 U.S. 487, 496 (1941); *Maniscalco v. Brother Int'l (USA) Corp.*, 709 F.3d 202, 206 (3d Cir. 2013); *Shapiro v. Logitech, Inc.*, Civ. No. 17-673, 2019 WL 397989, at *6-7 (D.N.J. Jan. 31, 2019). "New Jersey has adopted the [two-part] 'most significant relationship' test set forth in the Restatement (Second) of Conflict of Laws." *Maniscalco*, 709 F.3d at 206 (citing *P.V. ex rel. T.V. v. Camp Jaycee*, 962 A.2d 453, 459-60 (N.J. 2008)). The first step of the inquiry is to determine whether an actual conflict exists. *See Camp Jaycee*, 962 A.2d at 460 (citing *Lebegern v. Forman*, 471 F.3d 424, 430 (3d Cir. 2006)). "That is done by examining the substance of the potentially applicable laws to determine whether 'there is a distinction' between them." *Id.* "If there is not an actual conflict, the inquiry is over and, because New Jersey would apply its own law in such a case, a federal court sitting in diversity must do the same." *Lebegern*, 471 F.3d at 428. "If, however, an actual conflict is found to exist, the inquiry proceeds to the second step." *Cooper v. Samsung Elecs. Am., Inc.*, 374 F. App'x 250, 254 (3d Cir. 2010). This second step requires a court to determine "which jurisdiction has the 'most significant relationship' to the claim." *Maniscalco*, 70 F.3d at 207 (internal citation omitted). "To make that determination, courts look to the Second Restatement, which 'provides specific guidance for resolving particular types of cases.'" *Kearney v. Bayerische Motoren Werke Aktiengesellschaft*, Civ. No. 17-13544, 2018 WL 4144683, at *5 (D.N.J. Aug. 29,

---

[1] Because the putative class has not yet been certified, this action is "one between [the named plaintiff] and the defendants" and must be evaluated as to that particular plaintiff. *Rolo v. City Investing Co. Liquidating Tr.*, 155 F.3d 644, 659 (3d Cir. 1998).

2018) (citing *Camp Jaycee*, 962 A.2d at 458). This Court applies this test to each count of the Complaint in turn.

  A. <u>Consumer Fraud (Count I – NCUDTPA; Count II - NCDCA)</u>

The parties concede that there is a conflict between New Jersey and North Carolina law as to Plaintiff's consumer fraud claims. (*See* D.E. 9-1 at 8; D.E. 15 at 16.)[2] Because there is an actual conflict between North Carolina and New Jersey law, this Court must next determine which state has the "most significant relationship" to the claims at issue. Because these claims sound in fraud or misrepresentation, this Court "applies the conflict of laws analysis of Section 148." *Shapiro*, 2019 WL 397989 at *7 (citing Restatement (Second) of Conflict of Laws § 148 (1971)). The Restatement requires an analysis of the following six factors:

  (a) the place, or places where the plaintiff acted in reliance upon the defendant's representations,
  (b) the place where the plaintiff received the representations,
  (c) the place where the defendant made the representations,

---

[2] Plaintiff brings two consumer fraud claims pursuant to North Carolina law. The first, under the NCUDTPA, N.C. Gen. Stat. § 75-1 *et seq.*, requires a party to prove: 1) defendant committed an unfair or deceptive act or practice; 2) in or affecting commerce; and 3) plaintiff was injured as a result. *See Lawrence v. UMLIC-Five Corp.*, Civ. No. 06-20643, 2007 WL 2570256, at *5 (N.C. Super. Ct. June 18, 2007). The statute of limitations for such a claim is four years. N.C. Gen. Stat. § 75-16.2. The second, under the NCDCA, N.C. Gen. State. § 75-50 *et seq.*, requires a party to prove the elements of a NCUDTPA claim **and** to show that: "(1) the alleged obligation is a 'debt'; (2) the claimant owing the obligation is a 'consumer'; and (3) the party attempting to collect the obligation is a 'debt collector'." *Campbell v. Wells Fargo Bank, N.A.*, 73 F. Supp. 3d 644, 649 (E.D.N.C. 2014) (internal citation omitted).

To bring a successful consumer fraud claim under New Jersey's Consumer Fraud Act, ("NJCFA"), N.J. Stat. Ann. § 56:8–2, a plaintiff must prove: "1) unlawful conduct by defendant; 2) an ascertainable loss by plaintiff; and 3) a causal relationship between the unlawful conduct and the ascertainable loss." *Majdipour v. Jaguar Land Rover N. Am., LLC*, Civ. No. 12-7829, 2013 WL 5574626, at *7 (D.N.J. Oct. 9, 2013) (citing *Bosland v. Warnock Dodge, Inc.*, 964 A.2d 741, 749 (N.J. 2009)). The statute of limitations for the NJCFA is six years. N.J. Stat. Ann § 2A:14-1.

The laws conflict not only as to their statutes of limitations, s*ee, e.g., Agostino v. Quest Diagnostics, Inc.*, 256 F.R.D. 437, 466-67 (D.N.J. 2009) (noting that differences in statutes of limitations create conflicts between various state statutes); but also in the NCUDTPA's requirement that a party prove reliance – an element the NJCFA does not demand. *See, e.*g., *In re Bldg. Materials Corp. of Am Asphalt Roofing Shingle Prods. Liab. Litig.*, Civ. No. 11-2000, 2013 WL 169289, at *11 (D.N.J. Jan. 16, 2013) (finding a conflict between the statutes because "[a] party need not plead reliance under the NJCFA").

>   (d) the domicile, residence, nationality, place of incorporation and place of business of the parties,
>   (e) the place where a tangible thing which is the subject of the transaction between the parties was situated at the time, and
>   (f) the place where the plaintiff is to render performance under a contract which he has been induced to enter by the false representations of the defendant.

*Grandalski v. Quest Diagnostics, Inc.*, 767 F.3d 175, 181 (3d Cir. 2014) (quoting Restatement (Second) of Conflict of Laws § 148(2)).  Here, three of the factors - (a), (b), and (f) - weigh in favor of New Jersey because Plaintiff received and relied upon Defendant's representations in New Jersey and is expected to make payments on his account in that state.  Factor (d) is neutral as Plaintiff resides in New Jersey and Defendant is headquartered in North Carolina.  Factor (e) is irrelevant.  Factor (c) alone weighs in favor of North Carolina, as BOA's headquarters is in that state.  The case law is clear, however, "that this single contact  - factor (c) -  does not warrant applying" a state's law.  *Maniscalco*, 709 F.3d at 208 (finding that New Jersey law should not apply where the only connection to New Jersey was the "fortuitous location of" a company's headquarters).  Weighing the balance of factors, it is clear that New Jersey law will apply to Plaintiff's fraud and misrepresentation claims; therefore, Plaintiff's claims under the NCUDTPA (Count I) and the NCDCA (Count II) shall be dismissed, but this Court will give Plaintiff the opportunity to replead his fraud/consumer protection claims under New Jersey law.[3]

---

[3]Plaintiff asserts broadly that his claims "are governed by North Carolina law under the[] Uniform Card Agreement with Bank of America." (D.E. 1 ¶¶ 18, 103.) The Agreement's choice-of-law provision requiring the application of North Carolina law, however, does not change this analysis. That provision governs disputes over the contractual terms of the Credit Card Agreement itself, not statutory claims arising from Defendant's allegedly fraudulent or deceptive representations which exist separately from that Agreement. Plaintiff has not raised breach of contract claims and does not challenge the validity of the Agreement or its terms.

This Court takes no position on the likelihood that Plaintiff will succeed on the merits of his claims. However, the fact that the "Amount Due" and "Minimum Amount Due" options both result in only the minimum payment being made on an account suggests that there is no difference between the two alternatives and could mislead consumers.

B. Common Law Claims

Plaintiff's remaining claims are for breach of the implied covenant of good faith and fair dealing (Count III), and unjust enrichment (Count IV). Defendant, who bears the burden of showing a conflict, asserts only that the claims fail "whether New Jersey or North Carolina law applies." (D.E. 9-1 at 22-23.) In doing so, Defendant appears to suggest that there is no distinction between those state's laws, but it noticeably fails to address whether an actual conflict exists. Plaintiff's opposition does little to clarify the issue, choosing instead to focus on the sufficiency of Plaintiff's pleading while cursorily citing to cases under both New Jersey and North Carolina law. Generally, where a defendant fails to meet their burden of demonstrating a conflict, a court applies the law of the forum state. *See Geli v. Bayerische Motoren Werke Aktiengesellschaft*, Civ. No. 17-7386, 2018 WL 6804506, at *4 (D.N.J. Oct. 30, 2018) (noting that the court is not obligated "to do [defendant's] work for them and engage in this analysis itself") (internal citation omitted). However, given that neither party's briefs meaningfully address the substance of New Jersey law as it relates to the remaining claims, and given that this Court is granting Plaintiff the opportunity to amend the complaint, this Court will dismiss Defendant's motion as to Counts III and IV as moot.

C. Class Allegations

Although Federal Rule of Civil Procedure 12(f) permits a court to strike portions of pleadings that are "redundant," "impertinent," or "scandalous," with regard to class certification determinations, "in most cases," it is premature to strike class allegations prior to discovery. *See, e.g.*, *Landsman & Funk PC v. Skinder-Strauss Assocs.*, 640 F.3d 72, 93 (3d Cir. 2011)

7

(emphasizing the "importance of discovery as part of the class certification process"); *Weske v. Samsung Elecs. Am., Inc.*, 934 F. Supp. 2d 698, 707 (D.N.J. 2013) (recognizing that "[n]umerous cases in this District have emphatically denied requests to strike class allegations at the motion to dismiss stage as procedurally premature"). Given that no discovery has taken place, it is too early for this Court to reach any determination as to the propriety of Plaintiff's class allegations. Therefore, this Court will deny Defendant's motion to strike at this time.

### IV.　CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss is **GRANTED in part**, **DENIED in part**, and **DISMISED AS MOOT** in part. Plaintiff shall have thirty (30) days to file an amended complaint. An appropriate order follows.

　　　　　　　　　　　　　　　　　　　　___/s/ Susan D. Wigenton_____
　　　　　　　　　　　　　　　　　　　　**SUSAN D. WIGENTON, U.S.D.J.**

Orig:　　　　Clerk
cc:　　　　　Leda D. Wettre, U.S.M.J.
　　　　　　　Parties

8