IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL JETTE, Individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br> v.<br>BANK OF AMERICA, N.A.,<br><br>    Defendant. | Case No. 2:20-cv-06791-SDW-LDW<br><br>Hon. Leda D. Wettre |

**FINAL ORDER AND JUDGMENT**

THIS MATTER having been opened to the Court by counsel for the Plaintiff and the Class for final approval of the proposed class action settlement (the "Settlement"), in accordance with the Class Action Settlement Agreement and Release (the "Settlement Agreement") (ECF 36-3) and on the Motion for Award of Attorneys' Fees, Reimbursement of Expenses, and Service Awards (ECF 41); and

WHEREAS, the Court finds that it has jurisdiction over this Action pursuant to the Consent and Reference of a Civil Action to a Magistrate Judge (ECF 34) and each of the parties under 28 U.S.C. § 1332(d) and that venue is proper in this district; and

WHEREAS, this Court conducted a hearing on November 17, 2021, and has fully considered the record of these proceedings, the representations, arguments, and recommendations of counsel, and the requirements of the governing law; and for the reasons more fully set forth on the record of the Final Settlement Approval Hearing held on November 17, 2021; and

1

for good cause shown;

IT IS THIS  17th  day of November, 2021:

ORDERED that the Final Approval and Judgment is GRANTED, subject to the following terms and conditions:

1. For the purposes of this Order, the Court hereby adopts all defined terms as set forth in the Settlement Agreement.

2. The "Settlement Class" certified for the sole purposed of consummating the Settlement in this Action, consists of and is hereinafter defined as:

All persons in the United States who have or had (1) a Bank of America credit card, (2) enrolled in Bank of America's eBill AutoPay for their credit card and (3) selected the "Amount Due" payment option before March 7, 2021, and (4) switched their payment option from "Amount Due" to "Account Balance" after making an "Amount Due" payment and being assessed interest from June 4, 2014 through May 21, 2021.

Excluded from the Settlement Class are: Defendant; any entities in which it has a controlling interest; its agents and employees; any Judge to whom this action is assigned and any member of such Judge's staff and immediate family; and persons who validly and timely exclude themselves.

3. Attached hereto and incorporated into this Order as Appendix A is a

schedule of all such persons who have timely and validly requested to be excluded from the Settlement Class.

4. The Court finds that there have been no valid Objections filed to the Settlement and that the deadlines for Objections have passed.

5. The Court finds that notice of the Settlement was sent to State and Federal officials pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715.

6. The Court hereby finds that the email and direct mail Notice provided to the Settlement Class constituted the best notice practicable under the circumstances. Said Notice provided due and adequate notice of these proceedings and the matters set forth herein, including the terms of the Settlement Agreement, to all persons entitled to such notice, and said notice fully satisfied the requirements of Fed. R. Civ. P. 23, the requirements of due process, and any other applicable law.

7. The Court finds that the proposed Settlement Class meets all the applicable requirements of Fed. R. Civ. P. 23, affirms certification of the Settlement Class, and approves the Settlement set forth in the Agreement as being fair, just, reasonable, and adequate.

8. The Court finds that the Settlement was entered into at arm's length by experienced counsel and only after extensive negotiations with a well-respected mediator. The Settlement is not the result of collusion.

9. Based upon the Court's familiarity with the claims and parties, the

Court finds that Michael Jette adequately represents the interests of the Settlement Class and hereby appoints him as Class Representative for the Settlement Class.

10. The Court finds that the following firms fairly and adequately represent the interests of the Settlement Class and hereby confirms them as Lead Class Counsel pursuant to Rule 23:

>James C. Shah
>2 Hudson Place, Suite 100
>Hoboken, NJ 07030
>Telephone: (866) 540-5505
>Facsimile: (866) 300-7367
>Email: jcshah@millershah.com
>
>TYCKO & ZAVAREEI LLP
>Hassan A. Zavareei
>1828 L Street NW, Suite 1000
>Washington, D.C. 20036
>Telephone: (202) 973-0900
>Facsimile: (202) 973-0950
>Email: hzavareei@tzlegal.com

11. The Court finds, upon review of the Settlement and consideration of the Rule 23 (e) factors as well as the nine factors enunciated in *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975), that the Settlement and the benefits available from the Settlement are fair, reasonable, and adequate. Accordingly, the Settlement is finally approved by the Court.

12. The Final Approval Order and Judgment as provided under the Settlement Agreement should be entered. Such order and judgment shall be fully binding with respect to all members of the Class and shall have *res judicata*,

collateral estoppel, and all other preclusive effect in any claims for relief, causes of action, suits, petitions, demands in law or equity, or any allegations of liability, damages, debts, contracts, agreements, obligations, promises, attorneys' fees, costs, interest, or expenses that are based on or in any way related to any of the claims for relief, causes of action, suits, damages, debts, contracts, petitions, demands in law or equity, or any allegations of liability, obligations, promises, attorneys' fees, costs, interest, or expenses that were asserted in this action.

13. The operative Complaint (ECF 22) in this action is dismissed with prejudice, and the claims against Defendant are released.

14. The Settlement Administrator shall distribute to each Settlement Class Member the benefits to which they are entitled under the terms of the Settlement Agreement.

15. Class Counsel is hereby awarded $1,983,135 in attorneys' fees and $21,877.44 in expenses.

16. Class Representative is to receive an incentive award of $7,500.

17. The awarded attorneys' fees and costs, and the Class Representative incentive award, are to be paid and distributed in accordance with the Settlement.

18. The Court authorizes Class Counsel to allocate the attorneys' fee award.

19. Each term and provision of the Settlement Agreement shall be deemed incorporated into the Final Approval Order and Judgment as if expressly set forth

and shall have the full force and effect of an Order of the Court.

20. The terms of this Final Approval Order and Judgment, and the Settlement Agreement, are binding on the Plaintiff and all other Settlement Class Members, as well as their heirs, executors and administrators, successors, and assigns.

21. The parties and their counsel are ordered to implement and to consummate the Settlement according to its terms and provisions.

22. Other than as set forth herein, the parties shall bear their own costs and attorneys' fees.

23. The releases set forth in the Settlement Agreement are incorporated by reference.

24. All Class Members, as of the Effective Date, shall be bound by the releases set forth in the Settlement Agreement whether or not they have availed themselves of the benefits of the Settlement.

25. The parties are authorized, without further approval from the Court, to agree to and to adopt such amendments, modifications, and expansions of the Settlement as are consistent with the Final Approval Order and Judgment.

26. No Settlement Class Member, either directly, representatively, or in any other capacity (other than a Settlement Class Member who validly and timely submitted a valid request for exclusion), shall commence, continue, or prosecute

any action or proceeding against Defendant in any court or tribunal asserting any of the claims released by the Settlement or Settlement Agreement, and are hereby permanently enjoined from so proceeding.

27. Without affecting the finality of the Final Approval Order and Judgment, the Court shall retain continuing jurisdiction over this action, the parties, and the Settlement Class, and the administration and enforcement of the Settlement. Any disputes or controversies arising with respect to the enforcement or implementation of the Settlement shall be presented by motion to the Court.

28. Neither this Order nor the Settlement Agreement, nor any documents or statements related thereto, shall constitute any evidence or admission of liability by Defendant, nor shall any such document or statement be offered in evidence in this or any other proceeding except to consummate or enforce the Settlement or the terms of this Order.

29. There being no just reason to delay, the Clerk is directed to enter this Final Approval Order and Judgment forthwith and designate this case as closed.

_____
HONORABLE LEDA D. WETTRE
UNITED STATES MAGISTRATE JUDGE

# Appendix A

| Epiq Record Number | First Name | Last Name | State |
|---:|---|---|---|
| 62251 | Karen | Erickson | FL |